IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**ANDREW W. KATZENMOYER,**

       **Plaintiff,**

  vs.                                        Civil Action 2:12-cv-660
                                                       Judge Watson
                                                       Magistrate Judge King

**TR'BL MARKETING, LTD,** *et al.*,

       **Defendants.**


<u>REPORT AND RECOMMENDATION</u>

     This matter is before the Court on *Plaintiff's Motion to Remand* ("*Motion to Remand*"), Doc. No. 9.  For the reasons that follow, it is **RECOMMENDED** that the *Motion to Remand* be **DENIED**.

**I.    BACKGROUND**

     Plaintiff Andrew Katzenmoyer brings this action to compel defendants to submit a disputed disability insurance claim to binding arbitration.  *Complaint for Specific Performance* ("*Complaint*"), Doc. No. 3, ¶¶ 9, 11, 14-15, 26.  Plaintiff's *Complaint* asserts state law claims for specific performance, breach of contract, anticipatory breach of contract and insurance bad faith.  *Complaint*, ¶¶ 7-26.

     The *Complaint*, Doc. No. 3, names as defendants TR'BL Marketing, LTD (hereinafter "TR'BL"), Petersen International Underwriters (hereinafter "Petersen International") and Certain Interested

Underwriters at Lloyd's of London (hereinafter "Underwriters").[1] Plaintiff alleges that he purchased a disability insurance policy (the "Agreement") from defendants while he was a member of the New England Patriots professional football team.  *Id*. at ¶ 8.  He presented a claim for disability on July 1, 2002, seeking the policy limits of $1,000,000 in connection with a permanent and career ending injury that he sustained on July 16, 2001, but defendants allegedly denied his claim without complying with the Agreement's mandatary arbitration provision.  *Id*. at ¶¶ 13, 17-19.

This action was originally filed in the Court of Common Pleas for Franklin County, Ohio, and was removed to this Court on July 20, 2012 on the basis of federal question jurisdiction.  *Notice of Removal*, Doc. No. 1, ¶¶ 1, 7-8, 10.  Defendants Underwriters and Petersen International joined in the *Notice of Removal*.  The *Notice of Removal* also indicates that TR'BL consented to the removal although its agent did not sign the *Notice of Removal*.  Plaintiff filed the *Motion to Remand* on July 31, 2012.  TR'BL filed its written *Consent to Removal*, Doc. No. 13, on August 9, 2012, and defendants Underwriters and Petersen International thereafter filed their response to the *Motion to Remand*.  *Memorandum of Defendants Underwriters and Petersen in Opposition to Plaintiff's Motion to Remand*, Doc. No. 14.  Plaintiff has not filed a reply.

Plaintiff is a citizen of the United States; defendant Petersen International is a business based in California and defendant TR'BL is

---

[1]This defendant asserts that it is properly identified as Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. 003835/Policy No. 0998/00.  *Notice of Removal*, ¶ 3.

an Ohio limited liability corporation with its principal place of business in Franklin County, Ohio. *Plaintiff's Motion*, p.7; *Complaint*, ¶¶ 2-3. Defendant Underwriters is an unincorporated insurance services company organized under the laws of the United Kingdom and having a principal place of business in London, England. *Notice of Removal*, ¶ 3; *Complaint*, ¶ 4.

**II. DISCUSSION**

Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where such action is pending." To remove a civil action from state court to federal court, a defendant or defendants desiring removal must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and order served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (citations omitted).

Plaintiff asserts that the action must be remanded because this Court lacks subject matter jurisdiction and because removal was not timely consented to by all defendants as required by 28 U.S.C. § 1446. *Motion to Remand*, p.1.

**A. Jurisdiction**

3

The *Complaint* alleges state law claims of specific performance, breach of contract, anticipatory breach of contract and insurance bad faith. *Complaint*, ¶¶ 7-26. The *Notice of Removal* invokes federal question jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 201 *et seq.*, and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. *Notice of Removal*, ¶¶ 8-11. Generally, a plaintiff is the master of his complaint, and he can choose to avoid federal jurisdiction by asserting only state law claims. *Medlen v. Estate of Meyers*, 273 F. App'x 464, 466 (6th Cir. 2008) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987)). However, where the subject matter of an action pending in state court relates to an arbitration agreement falling under the Convention, the grounds for removal "need not appear on the face of the complaint but may be shown in the petition for removal." 9 U.S.C. § 205.[2] Thus, notwithstanding the fact that plaintiff has alleged only state law claims, the Court has federal question jurisdiction if the grounds for removal stated in the *Notice of Removal* fall under the Convention. *See id.* at § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States.")

The Convention applies to written arbitration agreements arising

---

[2]Section 205 provides in relevant part: "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal."

4

out of a "legal relationship . . . which is considered as commercial," and either at least one party to the contract must not be a United States citizen or the commercial relationship must have a "reasonable relation with one or more foreign states." *Id.* at § 202; *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 468 (6th Cir. 2009). In the case presently before the Court, the Agreement is in writing, it concerns a commercial topic, and it contains an arbitration provision.[3] *See Exhibit 1*, attached to *Motion to Remand*, p. 2.

This action relates to the arbitration provision because plaintiff is seeking to enforce that provision and to compel defendants to submit a disputed disability insurance claim to binding arbitration. *Complaint*, ¶¶ 9, 11, 14-15, 26. It is also undisputed that plaintiff is a United States citizen and that Underwriters is not a United States citizen. Nevertheless, plaintiff argues, the Convention does not apply because the insurance agreement at issue in this case is between two United States citizens. *Motion to Remand*, pp. 6-7. Plaintiff specifically asserts that Underwriters is not a party to the Agreement, and that Petersen International is, because

---

[3]"BINDING ARBITRATION: Not withstanding any other item setforth [sic] herein, the parties hereby agree that any dispute which arises shall be settled in Binding Arbitration. By agreeing to Binding Arbitration, all parties acknowledge and agree that they waive their right to a trial by a jury. Binding Arbitration will be held before a neutral arbitrator who will be agreed to by all parties. If the parties cannot agree as to the arbitrator, or believe that a single arbitrator cannot adequately settle the dispute, then an arbitration panel made up of three arbitrators shall be formed. One arbitrator shall be appointed by Us. The second arbitrator shall be appointed by You. The third arbitrator shall be agreed by the two appointed arbitrators. The venue shall be in Los Angeles County or at another location if agreed by all parties. The arbitration will be governed by the commercial arbitration rules of the American Arbitration Association. Costs for the arbitration shall be equally split among all parties."

the latter acted as "an agent for an undisclosed principal and it made a contract in its own name."[4]  *Id.*

Plaintiff's argument is not well taken.  Even if Petersen International executed the Agreement on behalf of an undisclosed principal, it is generally held that an undisclosed principal is a party to, and may bring suit to enforce, contracts entered into by its agents.  *See e.g., Ford v. Williams*, 62 U.S. 287, 289 (1858); *Brunswick Leasing Corp. v. Wis. Cent., Ltd.*, 136 F.3d 521, 526 (7th Cir. 1998); *Heart of Am. Lumber Co. v. Belove*, 111 F.2d 535, 537-38 (8th Cir. 1940); *Thayer v. Luce*, 22 Ohio St. 62, 78 (Ohio 1871); Restatement (Third) of Agency §§ 6.03 (2006); Am. Jr. 2d, Agency § 308.  Plaintiff does not argue that there are exceptional circumstances that would abrogate this general rule and there is no indication that the Agreement involves a non-delegable duty or personal services or that it specifically excludes the principal's liability on the contract.

Moreover, the Agreement clearly indicates that Petersen International was acting as an agent for Underwriters. Petersen International is identified in the Agreement as a "Lloyd's Correspondent."  Exhibit 1, attached to *Motion to Remand*, p. 1.  "A correspondent is an intermediary, that is, a person or entity 'that

---

[4] "A principal is undisclosed if, when an agent and a third party interact, the third party has no notice that the agent is acting for a principal."  Restatement (Third) of Agency § 1.04(2)(b).  "A principal is unidentified if, when an agent and a third party interact, the third party has notice that the agent is acting for a principal but does not have notice of the principal's identity."  *Id*. § 1.04(2)(c).  "A principal is disclosed if, when an agent and a third party interact, the third party has notice that the agent is acting for a principal and has notice of the principal's identity." *Id*. § 1.04(2)(a).

6

performs services for another in a place or market that the other does not have direct access to.'"  *Hess v. Fidelity Nat. Prop. and Cas. Ins. Co.*, No. 3:06CV184/RV/EMT, 2007 WL 496475, at *1 (N.D. Fla. Feb. 12, 2007) (quoting Black's Law Dictionary 370 (8th ed. 2004)).  See also *Allegrino v. Conway E & S, Inc.*, No. 09-1507, 2010 WL 1854125, at *5 n.6 (W.D. Pa. May 5, 2010) (quoting Black's Law Dictionary (8th ed. 2004) (online)).  By signing the Agreement as a "Lloyd's Correspondent," *see* Exhibit 1, attached to *Motion to Remand*, p. 1, Petersen International disclosed the existence of an agency relationship.  *See Hess*, 2007 WL 496475 at *1; *Allegrino*, 2010 WL 1854125 at *5 n.6 (suggesting that a Lloyd's "correspondent" is a Lloyd's agent); *Rock Holdings, Inc. v. Certain Underwriters at Lloyd's London*, No. 09-11599, 2009 WL 2475400 (E.D. Mich. Aug. 11, 2009) (suggesting that a Lloyd's "correspondent" is an insurance broker or agent).  The existence of an agency relationship is also disclosed on the cover page of the Agreement, which provides that the Agreement was "issued in accordance with the limited authorization granted to the Correspondent by certain Underwriters at Lloyd's, London whose names and the proportions underwritten by them can be ascertained from the office of said Correspondent."  *Exhibit A*, attached to *Motion to Dismiss*, p.1.  Furthermore, the Agreement provides that the "Correspondent is not an Insurer . . . and neither is nor shall be liable for any loss of claim."  Exhibit 1, attached to *Motion to Remand*, p.2.  Under the circumstances, plaintiff will not now be heard to deny that it knew that Petersen International signed the policy as an agent.

Regardless of whether Underwriters is an undisclosed principal or whether Petersen International can be held liable on the Agreement, Underwriters – as the principal – is a party to the Agreement. *See Williams*, 62 U.S. at 289; *Thayer*, 22 Ohio St. at 78; Restatement (Third) of Agency §§ 6.01 (providing that a disclosed principal is liable for contracts entered into on its behalf by agents acting with actual or apparent authority), 6.02 (providing that an unidentified principal is liable for contracts entered into on its behalf by agents acting with actual or apparent authority), 6.03 (providing that, unless excluded by contract, an undisclosed principal is liable for contracts entered into on its behalf by agents acting with actual or apparent authority) (2006). That being the case, at least one party to the Agreement is not a United States citizen and this action therefore falls under the Convention. This Court therefore has jurisdiction because the action is "deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203.

**B. Timing**

Ordinarily, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." 28 U.S.C. § 1446(b)(1). Moreover, removal ordinarily requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Plaintiff argues that removal was improper because it did not conform with the rule of unanimity within the time constraints of §1446. Specifically, plaintiff asserts that removal was untimely because defendant TR'BL

8

did not join in the *Notice of Removal* within 30 days of service on the first-served defendant. *Motion to Remand*, pp. 3-7.

In the present case, only defendants Petersen International and Underwriters joined in the *Notice of Removal*. *Notice of Removal*, at 3. The *Notice of Removal* indicated that TR'BL consented to removal; however, TR'BL did not file its written *Consent to Removal* until August 9, 2012, *i.e.*, more than thirty days after the case became removable. Based on the foregoing, removal would generally be improper based on a lack of timely unanimity.

Defendants assert, however, that unanimous consent to the removal was not required within thirty days after the case became removable because the *Notice of Removal* bases removal on the Convention. *Notice of Removal*, ¶¶ 8-11. As implemented, the Convention provides that, where the subject matter of a state court action "relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, *at any time before the trial thereof*, remove such action." 9 U.S.C. § 205 (emphasis added). Other procedures applicable to the removal of cases apply. *Id.*

The procedure for removal of civil actions is addressed in 28 U.S.C. § 1446. The Federal Courts Jurisdiction and Venue Certification Act of 2011, Pub. L. No. 112-63-DEC. 7, 2011, 125 Stat. 758, amended section 1446 to include the following provision: "When a civil action is removed *solely under section 1441(a)*, all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A)(emphasis added). By implication, civil actions that are removed on a basis

9

other than section 1441(a) do not require that all defendants join in or consent to the removal of the action.  In any event, removal pursuant to the Convention is timely "at any time before trial . . . ."  9 U.S.C. § 205. As previously indicated, this action was properly removed under the Convention because it relates to an arbitration agreement falling under the Convention.  The action was also removed and all defendants expressly joined in the removal before the state court action proceeded to trial. Accordingly, this action was timely removed under the Convention.

In short, this action was timely removed, and the Court is vested with federal question jurisdiction pursuant to 9 U.S.C. § 203 because this action relates to an arbitration agreement falling under the Convention.  It is therefore **RECOMMENDED** that *Plaintiff's Motion to Remand*, Doc. No. 9, be **DENIED**.[5]

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to

---

[5] In so recommending, the Court expresses no opinion as to whether plaintiff's claims are barred by the terms of the Agreement, whether plaintiff has waived any right of arbitration, or whether the statute of limitations has expired.

10

de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

September 27, 2012                          s/ Norah McCann King
                                           Norah McCann King
                                     United States Magistrate Judge

Case: 2:12-cv-00660-MHW-NMK Doc #: 20 Filed: 09/27/12 Page: 12 of 12  PAGEID #: 130